CALDWELL, Circuit Judge. This action was commenced by W. F. Seifred, the defendant in error, against the Gulf, Colorado & Santa Fe Railway Company, plaintiff in error, before a United States commissioner, in the Indian Territory, to recover the value of four head of cattle alleged to have been killed by the negligent operation of the defendant's trains. The plaintiff recovered a judgment before the commissioner, and the railway company appealed the case to the United States court for the territory, where the case was tried de novo, and a judgment rendered for the plaintiff, and the defendant sued out this writ of error. The only error assigned, not disposed of by numerous decisions of this court, is this one: That the court refused, at the close of the whole evidence, to instruct the jury to return a verdict for the defendant. We have read the evidence very carefully, and think the court below rightfully refused to give the instruction prayed for. Railway Co. v. Ellis, 54 Fed. Rep. 481. The judgment of the court below is therefore affirmed.

GULF, C. & S. F. RY. CO. v. MATTHEWS.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1893.)

No. 149.

In Error to the United States Court in the Indian Territory.
Action by William M. Matthews against the Gulf, Colorado & Santa Fe Railway Company for killing stock. Judgment for plaintiff. Defendant brings error. Affirmed.

E. D. Kenna, J. W. Terry, and C. L. Jackson, for plaintiff in error.
Isaac H. Orr and H. L. Christie, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

PER CURIAM. This case was submitted without oral argument, on the assumption, no doubt, that it presents the same state of facts and the same questions of law which were considered in the cases of Railway Co. v. Wallace, 54 Fed. Rep. 485, and Railway Co. v. Seifred, Id. 485, (decided at the December term of this court, at Little Rock, Ark.,) in which the same counsel were engaged. We have examined the record, and have reached the conclusion that such assumption on the part of counsel is correct, and that the judgment must be affirmed, in conformity with the opinion announced in those cases.
It is so ordered.

GULF, C. & S. F. RY. CO. v. CONLEY.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1893.)

No. 148.

In Error to the United States Court in the Indian Territory.
Action by James R. Conley against the Gulf, Colorado & Santa Fe Railway Company for killing stock. Judgment for plaintiff. Defendant brings error. Affirmed.

E. D. Kenna, J. W. Terry, and C. L. Jackson, for plaintiff in error.
Isaac H. Orr and H. L. Christie, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

PER CURIAM. This case was submitted without oral argument, on the assumption, no doubt, that it presents the same state of facts and the same questions of law which were considered in the cases of Railway Co. v. Wal-

lace, 54 Fed. Rep. 485, and Railway Co. v. Seifred, Id. 485, (decided at the December term of this court, at Little Rock, Ark.,) in which the same counsel were engaged. We have examined the record, and have reached the conclusion that such assumption on the part of counsel is correct, and that the judgment must be affirmed, in conformity with the opinion announced in those cases.

It is so ordered.

## FRANCIS v. HOWARD COUNTY.

### (Circuit Court of Appeals, Fifth Circuit. February 20, 1893.)

### No. 93.

Municipal Bonds—Overissue—Innocent Purchaser—Estoppel.
    One who buys municipal bonds at one time in such number as to exceed in amount the limit of the issue authorized by law (being an amount capable of liquidation in a certain time, at a given rate of taxation, based on the assessment rolls) is chargeable with notice, and the municipality is not estopped to plead an overissue. 50 Fed. Rep. 44, affirmed.

In Error to the Circuit Court of the United States for the Western District of Texas.

Action by David R. Francis against Howard county, Tex., to recover upon coupons of county bonds. Judgment in part for plaintiff, and in part for defendant. See 50 Fed. Rep. 44, where a full statement of the facts and the opinion of the court will be found. Plaintiff brings error. Affirmed.

John H. Overall, for plaintiff in error.
S. H. Cowan, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. Plaintiff in error brought his action in the circuit court to recover on coupons past due on bonds issued by Howard county, state of Texas. The case is exhaustively stated in the lengthy finding of facts, and, in the view we take of the case, it is not necessary to recapitulate. The opinion of the circuit court, found in the transcript, fully considers the numerous questions of law and fact presented, and, in the conclusions reached, we find no error prejudicial to the plaintiff in error. Unquestionably the issue of bonds sued on was largely in excess of the amount which the county was authorized to issue, under the law of 1881, for the purposes therein mentioned, and it is in clear violation of the law to the extent of the overissue. The all-important question in the case is whether the county is estopped from pleading such illegality and invalidity. It is contended that the recital in each bond that "this bond is issued in accordance with the provisions of the act of the legislature of the state of Texas entitled 'An act to authorize the county commissioners' court of the several counties of this state to issue bonds for the erection of a courthouse, and to levy a tax to pay for the same,' approved February 11, 1881," is a recital of the performance of a condition precedent on the part of the county commissioners'